UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-444-RLV
(3:03-cr-222-RLV-1)

| | | |
|---|---|---|
| KEITH RAMSEY BARNHART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Respondent's motion to hold this action in abeyance. (Doc. 4.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On October 27, 2004, Petitioner pled guilty to Possession of a Firearm During and In Relation to a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)) and Possession of a Firearm by a Felon (18 U.S.C. § 922(g)(1)). The presentence investigative report found that Petitioner had at least two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: a 1992 Ohio conviction for aggravated felonious assault, and a 1995 Ohio conviction for possession with intent to distribute cocaine. On June 14, 2005, the Court imposed a total aggregate sentence of 222 months' imprisonment. (Motion to Vacate 1-2, Doc. No. 1.)

On June 21, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges this Court's application of the career-offender provision of the United States Sentencing Guidelines in determining his advisory guideline range, asserting that his prior conviction for aggravated felonious assault no longer

1

qualifies as a "crime of violence" under the Sentencing Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On September 1, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 4.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: (1) "Whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)"; (2) "Whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review"; and (3) "Whether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after Johnson." (Doc. No. 4 at 2.)

Respondent states that counsel for Petitioner does not object to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 4) is **GRANTED**, and this matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge